IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS BOWMAN,** | : | CIVIL ACTION NO. 1:23-CV-35 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **KATHY J. BRITTAIN**, | : | |
| | : | |
| Defendant | : | |

## **MEMORANDUM**

This is a prisoner civil rights case in which plaintiff Louis Bowman seeks a writ of mandamus. Defendant has filed a motion to dismiss the complaint in part and plaintiff has filed a motion for sanctions and to remand the matter to state court. Bowman's motion to remand will be granted and the case will be remanded to state court for lack of subject matter jurisdiction. The court will additionally deny Bowman's motion for sanctions.

**I.      Factual Background & Procedural History**

Bowman filed this case in the Schuylkill County Court of Common Pleas on October 3, 2022. (Doc. 1-1). Bowman, who is incarcerated in Frackville State Correctional Institution ("SCI-Frackville"), seeks a writ of mandamus compelling defendant Kathy J. Brittain, the warden of SCI-Frackville, to allow him to conduct private conference calls with his psychiatrist. (Id.) Bowman grounds his mandamus request in Pennsylvania's Mental Health Procedures Act, 50 Pa.C.S. § 7113; the Fourteenth Amendment of the United States Constitution; and Article I, Section 1 of the Pennsylvania Constitution. (Id. at 2).

Brittain removed the case to this district on January 9, 2023, asserting that the court has original jurisdiction because Bowman's Fourteenth Amendment claim presents a federal question. (Doc. 1). After removing the case, Brittain filed a motion to dismiss on January 17, 2023 and a supporting brief on January 31, 2023. (Docs. 3-4). Brittain seeks dismissal of the Fourteenth Amendment claim and argues that after dismissing the claim the court should decline to exercise supplemental jurisdiction over Bowman's state law claims. (Doc. 4). Bowman did not file a brief in opposition to the motion to dismiss, but on February 22, 2023, he filed a motion to sanction Brittain pursuant to Federal Rule of Civil Procedure 11 and to remand the case to state court for lack of subject matter jurisdiction. (Doc. 5). Both motions are ripe for review.

## II.   Discussion

We agree with Bowman that remand of this case to state court is appropriate for lack of subject matter jurisdiction. District courts have jurisdiction to issue writs of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This jurisdiction does not extend to state officials; district courts have no authority to issue writs of mandamus compelling action by state officials. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963); accord In re Marchisotto, 814 F. App'x 725, 726 (3d Cir. 2020); In re Jones, 28 F. App'x 133, 135 (3d Cir. 2002) (nonprecedential).[1] Hence, we will remand this

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

case to the Schuylkill County Court of Common Pleas because we do not have subject matter jurisdiction to consider the mandamus petition.[2]

We retain jurisdiction over Bowman's request for sanctions pursuant to Rule 11 despite the fact that we lack subject matter jurisdiction over the merits of this case. Willy v. Coastal Corp., 503 U.S. 131, 137-38 (1992). We will deny the motion for sanctions, however, because Bowman has not complied with the procedural requirements for the court to impose sanctions under Rule 11. Motions for sanctions "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Here, Bowman's motion for sanctions was filed as a joint motion that also requested remand of this case to state court for lack of subject matter jurisdiction. We will accordingly deny the motion for sanctions for noncompliance with Rule 11. Finally, because we lack subject matter jurisdiction over the merits of this case, we will decline to decide Brittain's motion to dismiss.

---

[2] Although Bowman's complaint could be liberally construed to assert a claim for injunctive relief pursuant to 42 U.S.C. § 1983 based on an alleged violation of the Fourteenth Amendment, we decline to construe the complaint in this fashion. A plaintiff is the master of his complaint and may decide what law he relies upon, Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986), and Bowman has clearly stated that he does not intend to assert a claim pursuant to Section 1983. (See Doc. 5 at 5 ("Even a cursory reading [of] the complaint filed in state court reveals this was not a federal action. Indeed, nowhere in the entire pleading is any suggestion that the claims were predicated on the denial of a right guaranteed under the Fourteenth Amendment.")).

**III.     Conclusion**

We will grant Bowman's motion to remand, deny his motion for sanctions, and remand this case to the Schuylkill County Court of Common Pleas for lack of subject matter jurisdiction.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     June 28, 2023